UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MANUEL GODINEZ, JR.

    Plaintiff,

v.

TITLEMAX OF TEXAS, INC.,

    Defendant.

Case No. 1:20-cv-00220

## COMPLAINT

NOW COMES Plaintiff, MANUEL GODINEZ, JR., through undersigned counsel, complaining of Defendant, TITLEMAX OF TEXAS, INC., as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq* and the automatic stay, 11 U.S.C. § 362.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. MANUEL GODINEZ, JR. ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Austin, Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. TITLEMAX OF TEXAS, INC. ("TitleMax") is a corporation organized and existing under the laws of Delaware.

7. TitleMax has its principal place of business at 15 Bull Street, Suite 200, Savannah, Georgia 31401.

8. TitleMax is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

9. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 9281.

10. At all times relevant, Plaintiff's number ending in 9281 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

11. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

12. Plaintiff borrowed money from TitleMax.

13. Plaintiff defaulted on this loan.

14. In September of 2019, Plaintiff started to receive phone calls from TitleMax.

15. Plaintiff ignored these calls.

16. On October 11, 2019, Plaintiff filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

17. This filing imposed an automatic stay against collection activities.

18. The schedules filed by Plaintiff listed TitleMax on Schedules E/F: Creditors Who Have Unsecured Claims.

19. In spite of Plaintiff's bankruptcy, TitleMax kept calling.

20. Before long, Plaintiff answered, was met by clear pause, and was forced to say "*Hello, Hello, Hello*" prior to being connected to TitleMax's representative.

21. TitleMax was informed Plaintiff had filed for bankruptcy.

22. TitleMax was provided with Plaintiff's attorney's contact information.

23. Plaintiff then told TitleMax "[s]top calling."

24. Unfortunately, these phone calls continued.

25. Often times, however, Plaintiff ignored these calls.

26. Each time, Plaintiff receives *automated, machine-operated messages* providing:

> "Hello this is _____ with TitleMax calling for Manuel Godinez. Please contact us as soon as possible at 855-959-8491. Remember you can also make a payment anytime using our mobile app available for download in the app store and Google Play. Should you have any questions regarding your payment on the mobile app please contact us at 855-959-8491. We appreciate your business. Thank you and have a great day."

27. No less than 20 phone calls have been received from number(s) leading back to TitleMax – including (573) 415-0475

28. Plaintiff suffered emotional distress stemming from TitleMax's unlawful attempts to collect on Plaintiff's loan as Plaintiff was led to believe his bankruptcy was for naught.

29. TitleMax's phone calls resulted in aggravation that accompanies persistent and unwanted phone calls, anxiety, distress, increased risk of personal injury resulting from distraction, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of concentration, nuisance, stress, and wasted time.

30. Concerned with having had his rights violated, Plaintiff sought counsel to ensure that TitleMax's unlawful collection practices stopped.

31. Accordingly, Plaintiff is forced to expend energy and/or time consulting with attorneys to put an end to TitleMax's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

32. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

33. TitleMax placed or caused to be placed no less than 20 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

34. Upon information and belief, based on the "clear pause" Plaintiff experienced, TitleMax employed an ATDS to place calls to Plaintiff's cellular telephone.

35. Upon information and belief, the ATDS employed by TitleMax transfers phone calls to an agent once a human voice is detected, hence the clear pause.

36. Upon information and belief, based on the automated, machine-operated messages Plaintiff received, TitleMax employed an ATDS to place calls to Plaintiff's cellular telephone.

37. Upon information and belief, the ATDS employed by TitleMax has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. *See* 47 U.S.C. § 227(a)(1)(A)-(B).

38. Upon information and belief, TitleMax acted through its agents, employees, and/or representatives at all times relevant.

39. As result of TitleMax's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

40. As result of TitleMax's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that TitleMax violated 47 U.S.C. § 227 *et seq*.;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

### COUNT II:
### Automatic Stay (11 U.S.C. § 362)

41. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

42. Section 362(a)(6) provides:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title … operates as a stay, applicable to all entities, of –

…

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title …

43. The automatic stay becomes effective at the moment a debtor's bankruptcy petition is filed.  11 U.S.C. § 362(a).

44. Once effective, the automatic stay applied to "all entities" and to "any act to collect, assess, or recover" a claim pursuant to § 362(a)(6).

45. The protection afforded by the automatic stay continues until a discharge is granted or denied, or the case is closed or dismissed. 11 U.S.C. § 362(c)(2).

46. "The legislative history makes clear that [§ 362(a)(6)] was intended to prevent creditors from harassing debtors after a petition is filed." *NTL Computer Servs. Corp. v. Capital Computer Systems, Inc*., 755 F.2d 1253, 1257 (6th Cir. 1985) (citing House Report No. 95-595, 95th Cong., 1st Sess. 340-2 (1977); Senate Report No. 95-989, 95th Cong., 2nd Sess. 49-51 (1978).

47. TitleMax's repeated phone calls were intended to intimidate Plaintiff and were certainly intended to collect on TitleMax's prepetition debt from Plaintiff.

48. Section 362(h) provides:

An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages.

49. The term "willful," while not defined in the Bankruptcy Code, has been interpreted to mean simply acting intentionally and deliberately while knowing of a pending bankruptcy. *See, e.g., Cuffee v. Atlantic Business & Community Dev. Corp.* (*In re Atlantic Business & Community Dev. Corp.*), 901 F.2d 325, 329 (3rd Cir. 1990); *Knaus v. Concordia Lumber Co. Inc.* (*In re Knaus*), 889 F.2d 773, 775 (8th Cir. 1989); *In re Bloom*, 875 F.2d 224, 227 (9th Cir. 1989).

50. Oral or written notice of a bankruptcy case filing is legally sufficient to convey knowledge of the automatic stay. *See In re Stewart*, 190 B.R. 846, 849-50 (Bankr. C.D. Ill. 1996); *In re Davis*, 74 B.R. 406, 411 (Bankr. N.D. Ohio 1987); *In re Forty-Five Fifty-Five*, 111 B.R. 920, 921 n.2 (Bankr. D. Mont. 1990).

51. TitleMax was verbally informed that Plaintiff had filed for bankruptcy; yet, chose to continue to attempt to collect from Plaintiff.

52. TitleMax willfully and flagrantly violated the automatic stay set forth in the Bankruptcy Code.

53. When pre-petition creditors ignore § 362 of the Bankruptcy Code, they do so at their peril.

54. Punitive damages are appropriate to deter a pattern of behavior that ignores the automatic stay.

6

**WHEREFORE**, Plaintiff requests the following relief:

A. find that TitleMax violated 11 U.S.C. § 362;

B. award any actual damage sustained by Plaintiff as a result of TitleMax's violation pursuant to 11 U.S.C. § 362(h);

C. award such punitive damages, as the Court may allow, pursuant to 11 U.S.C. § 362(h);

D. award costs and attorneys' fees as the Court may allow, pursuant to 11 U.S.C. § 362(h); and

E. award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: February 27, 2020                                   Respectfully submitted,

**MANUEL GODINEZ, JR.**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com